UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLEN CAMPBELL,

                   Plaintiff,

        -against-

PENN & KAHN, PLLC,

                   Defendant.

1:19-CV-4594 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in the Upstate Correctional Facility, brings this action *pro se*.[1] Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Campbell v. Nassau Cnty. Sheriff Dep't of Corrs.*, ECF 1:14-CV-6132, 8, 1:14-CV-7330, 8 (E.D.N.Y. Nov. 15, 2017). The order cited recognized that Plaintiff is barred under 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Although Plaintiff has filed this action seeking IFP status, his complaint does not show that he is under imminent danger of serious physical injury.[2] Instead, Plaintiff asserts claims against a law firm that represented him in a previous civil action; his claims are essentially state-

---

[1] Plaintiff filed his complaint while he was incarcerated in the Green Haven Correctional Facility.

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

law malpractice and other claims. Plaintiff's claims arise from when the law firm allegedly mailed to Plaintiff's then-wife a settlement check that the law firm erroneously made out to her instead of to Plaintiff. Section 1915(g) thus bars Plaintiff from filing this action IFP. The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's IFP application (ECF 1), and dismisses this action without prejudice under 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 14, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge